**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| SCOTT and MARIE FRANCISCHETTI,<br><br>Plaintiffs,<br>vs.<br><br>UNISON AGREEMENT CORP., UNISON MIDGARD HOLDINGS, LLC, REAL ESTATE EQUITY EXCHANGE, INC., and UNISON INVESTMENT MANAGEMENT, LLC,<br>Defendants. | Case No. 1:26-cv-03341-JRR<br><br>**DEFENDANTS' SECOND MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO PLAINTIFFS' COMPLAINT** |

**DEFENDANTS' SECOND MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO PLAINTIFFS' COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 6(b)(1) and L.R. 105.9, Defendants Unison Agreement Corp. ("Unison"), Unison Midgard Holdings, LLC ("Unison Midgard"), Real Estate Equity Exchange, Inc. ("REX"), and Unison Investment Management, LLC ("UIM") (collectively, "Defendants"), by and through their undersigned counsel, hereby file their second motion for extension of time for Defendants to answer or otherwise plead in response to Plaintiffs Scott and Marie Francischetti's ("Plaintiffs") complaint. In support of their motion, Defendants state as follows:

1. On July 21, 2026, Plaintiffs commenced a complaint (the "Complaint") against Defendants captioned in the Circuit Court for Baltimore County, Maryland entitled *Francischetti v. Unison Agreement Corp., et al.*, Case No. C-03-CV-26-003382.

2. On July 27, 2026, Plaintiffs served Unison Midgard, REX, and UIM with a copy of the summons and complaint.

3. On July 29, 2026, Plaintiffs served Unison with a copy of the summons and complaint.

4. On August 21, 2026, Defendants removed the Complaint to this Court. ECF No. 1.

5. Pursuant to Fed. R. Civ. P. 81(c)(2)(C), Defendants' response to the Complaint is due August 28, 2026.

6. Fed. R. Civ. P. 6(b)(1) permits the Court to extend the time to an act may or must be done within a specified time for good cause.

7. On August 13, 2026, Defendants and others filed a motion to transfer actions pursuant to 28 U.S.C. § 1407 with the U.S. Judicial Panel on Multidistrict Litigation ("JPML"), captioned *In Re: Unison "HomeOwner Agreement" Equity Option Contract, Mktg., and Sales Practices Litig.*, MDL No. 3201, to transfer and coordinate for pretrial coordination five federal actions identified in the motion and supporting documents (the "Related Actions"), as well as any tag-along action that may be filed, to the U.S. District Court for the Eastern District of New York. ECF No. 1 (JPML).

8. After a discussion between Defendants and Plaintiffs' counsel of record, Plaintiffs' counsel of record consented to a 21-day extension of time for Defendants to respond to the Complaint.

9. On August 26, 2026, Defendants filed a notice of filing of motion for transfer of actions pursuant to 28 U.S.C. § 1407, which notified the Court that Defendants filed a notice of related action with the JPML which identified this action as related to the matter currently pending before the JPML. ECF No. 4.

10. On August 27, 2026, Defendants filed their motion for extension of time, which the Court granted on August 28, 2026 thereby extending Defendants' response deadline to September 18, 2026. ECF Nos. 5, 6.

11. On September 11, 2026, Defendants filed their motion to stay proceedings pending transfer by the JPML on Defendants' motion to transfer related actions, including this action. ECF No. 12. Plaintiffs' deadline to file an opposition is September 25, 2026 and Defendants' reply would be due fourteen days thereafter.

12. Considering Defendants' motion to stay proceedings is now pending before the Court, an extension of time until after the Court rules on Defendants' pending motion to stay proceedings will allow both Plaintiffs and Defendants to fully brief the motion and obtain a ruling from the Court before Defendants file a response to Plaintiffs' complaint. If the Court were to grant Defendants' pending motion to stay proceedings, it would avoid the need for Defendants to file a response to the complaint, and an extension of time would reduce the expenditure of unnecessary fees, costs, and other resources associated with an unnecessary and potentially moot responsive pleadings. An extension of time also promotes judicial economy since it allows the parties and the Court to first address the threshold question of whether to stay this proceeding before addressing issues that may be unnecessary or moot given Defendants' pending motion to transfer related actions, including this action.

13. Accordingly, good cause exists to extend the deadline for Defendants to file a response to the Complaint.

14. This request is brought in good faith and not for the purpose of delay, will not prejudice any party, and will help achieve judicial economy and efficiency of the parties and the Court.

15. On September 15, 2026, pursuant to L.R. 105.9, Scale LLP, as counsel for Defendants, contacted Plaintiff's counsel of record seeking Plaintiffs' consent as to Defendants' motion for extension of time to respond to the Complaint. At the time of this filing, Plaintiffs' counsel did not respond to the email but based on previous correspondences with counsel, Defendants anticipate Plaintiffs would not consent to this request.

WHEREFORE, Defendants respectfully request the Court enter an order granting an extension for Defendants to respond to the complaint up to and until 14-days after the Court's ruling on Defendants' pending motion to stay all proceedings in this action pending the JPML's decision on Defendants' motion to transfer related actions, including this action, for coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407.

Date: September 15, 2026

Respectfully Submitted,

By: */s/ Samer Korkor*

Samer Korkor (Attorney No. 2110280006)
SCALE LLP
2261 Market Street, Ste 85604
San Francisco, CA 94114
Telephone: 415-735-5933
skorkor@scalefirm.com

*Attorney for Defendants Unison Agreement Corporation, Unison Midgard Holdings, LLC, Real Estate Equity Exchange, Inc. and Unison Investment Management, LLC*