**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **SCOTT FRANCISCHETTI, *et al.*,**<br><br>***Plaintiffs*,**<br><br>**v.**<br><br>**UNISON AGREEMENT CORPORATION, *et al.*,**<br><br>***Defendants*.** | **Civil No.: 1:26-cv-03341-JRR** |

**MEMORANDUM AND ORDER**

Pending now before the court is Defendants' Motion to Stay Proceeding Pending Transfer by Judicial Panel on Multidistrict Litigation at ECF No. 12 (the "Motion").[1] The court has reviewed all papers. Notwithstanding Defendants' request for same, no hearing is necessary. Local Rule 105.6 (D. Md. 2025).

## I. Introduction

Plaintiffs initiated the instant action in the Circuit Court for Baltimore County on July 21, 2026, alleging Defendants violated the Maryland SAFE Act (Count I), the Maryland Consumer Protection Act (Count II), the Maryland Consumer Debt Collection Act (Count III), and otherwise raising claims of usury (Count IV), unlicensed mortgage lending (Count V), unenforceable restraint on alienation (Count VI), quiet title (Count VII), and unconscionability (Count VIII) under Maryland law. (ECF No. 2.) Briefly, Plaintiffs allege as follows:

> In 2019, Unison sold the Francischettis what it labeled an "option" in their single family suburban home. In substance, Unison made them a loan secured by the home, advancing them a fraction of its value in exchange. Deceived by Unison's false promises, the

[1] Defendants' Motion also requests expedited consideration of the Motion or, in the alternative, an extension of their deadline to respond to the Complaint. (ECF No. 12.) Inasmuch as the court has ordered Defendants' deadline to respond to Plaintiff's Complaint held in abeyance pending ruling on the instant Motion, the Motion will be denied as to the foregoing requests.

> Francischettis signed onto a predatory agreement, granting Unison far greater interest rates, control over the property, and share in profits than a traditional mortgage. Years later, when Mr. and Mrs. Francischetti attempted to end the agreement, they found Unison had taken their ability to do that away too, by refusing to tell them how much they owed on the loan or how that amount due was calculated.
>
> . . .
>
> In 2026, the Francischettis realized how Unison's agreement had bound them. Despite great credit and the go-ahead from another mortgage lender, the Francischettis' application was rejected by Unison for violating the terms of the 4 loan agreement they had signed. Because of Unison, the Francischettis were blocked from accessing the value of a home now worth almost one and a half times what it had been when they first signed Unison's agreement.
>
> The Francischettis tried to get out, and Unison stopped that too. In response to a payoff request, Unison sent a payoff statement seeking amounts unsupported by the agreement. Without accurate information about how to pay off Unison's loan, the Francischettis found themselves completely walled off from the value of the home they had spent their entire adult lives investing in.

(ECF No. 2 ¶¶ 2, 6–7.)

Defendants removed the action to this court on August 21, 2026. (ECF No. 1.) Shortly before removal, on August 13, 2026, Defendants filed a motion to transfer and consolidate five actions pursuant to 28 U.S.C. §1407 (the "MDL Motion") with the Judicial Panel on Multidistrict Litigation ("JPML")—*Coffin v. Unison Agreement Corp.*, No. 1:26-cv-01587 (E.D.N.Y., filed Mar. 17, 2026); *Evans v. Unison Agreement Corp.*, No. 1:26-cv-00999 (D.D.C, removed Mar. 23, 2026); *Kane v. Unison Agreement Corp.*, No. 1:26-cv-01444 (D. Colo., filed Apr. 6, 2026); *Santaniello v. Unison Agreement Corp.*, No. 2:26-cv-07117 (D.N.J., filed June 15, 2026); and *Cuvellier v. Unison Agreement Corp.*, No. 3:26-cv-30126 (D. Mass., filed Aug. 5, 2026). *See* (MDL Case No. 3201, Dkt. No. 1.) Defendants later filed notices of related cases including the instant action, *Greathouse v. Unison Agreement Corp., et al.*, No. 4:26-CV-00771 (W.D. Mo.),

*Petty et al. v. Unison Agreement Corp. et al.*, 3:26-cv-00749 (W.D.N.C.), and *Allen et al. v. Unison Agreement Corporation et al.*, 0:26-cv-04268 (D. Minn.), asserting that these actions involve "substantially the same factual allegations and claims as those pending before the [JPML] in the [*In re: Unison "HomeOwner Agreement" Equity Option Contract, Marketing, and Sales Practices Litigation*]." (MDL Case No. 3201, Dkt. Nos. 7, 17, 24, 25.)

Defendants summarize:

> Specifically, all seven complaints allege Defendants falsely markets itself as a "partner" with homeowners, advertises the product as involving "no debt," "no interest," and "without monthly payments," and represents that it shares equally in the risk of home-value changes. *See, e.g.*, *Franciscchetti* Compl. ¶¶ 29–36, 50–59; *Evans* Compl. ¶¶ 34–40, 45–47; *Coffin* Am. Compl. ¶¶ 3, 6, 66, 77–80, 82, 84–87, 260, 262–263; *Kane* Am. Compl. ¶¶ 5, 140–147, 169; *Santaniello* Compl. ¶¶ 76, 115, 133–138; *Cuvellier* Compl. ¶¶ 6, 102, 136, 278; *Greathouse* Compl. ¶¶ 3, 25–27. All seven complaints also allege Defendants obscure the true cost of the transaction through mechanisms such as a "Risk Adjustment" that artificially lowers the appraised value at origination, an illusory "Balance Payment" that is never actually paid to the homeowner, and opaque fee structures. *See, e.g.*, *Franciscchetti* Compl. ¶¶ 29, 40–44, 48– 49, 96–98; *Evans* Compl. ¶¶ 104, 123–127, 131–132, 158–159; *Coffin* Am. Compl. ¶¶ 3, 45–47, 53–54, 76, 238; *Kane* Am. Compl. ¶¶ 109, 112, 114–116, 141; *Santaniello* Compl. ¶¶ 93, 103–106, 114, 126–128, 151, 155; *Cuvellier* Compl. ¶¶ 83–84, 109–110, 115–119, 125; *Greathouse* Compl. ¶¶ 28–33. Similarly, all seven cases allege Defendants failed to comply with requirements as mortgage lenders under applicable state or federal law. *See Franciscchetti* Compl. ¶¶ 118, 128, 145–149; *Evans* Compl. ¶¶ 177–178, 228(b), 271, 280; *Coffin* Am. Compl. ¶¶ 93, 180(e), 193– 194, 205–206, 224, 247–249; *Kane* Am. Compl. ¶¶ 27(b), 29(d), 76; *Santaniello* Compl. ¶¶ 77, 179, 215–219; *Cuvellier* Compl. ¶ 264(b); *Greathouse* Compl. ¶¶ 76, 83–85.

(ECF No. 12-1 at p. 3.)[2] Defendants' MDL Motion will be heard by the JPML on December 3, 2026. (MDL Case. No. 3201, Dkt. No. 27.)

---

[2] The New York, Colorado, Massachusetts, Missouri, and New Jersey actions have all either been stayed (without opposition) or, by stipulation of the parties, the deadline for Defendants to respond to the Complaint was extended

## II. Analysis

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254–55 (first citing *Kansas City Southern R. Co. v. United States*, 282 U.S. 760, 763 (1931); and then citing *Enelow v. New York Life Ins. Co.*, 293 U.S. 379, 382 (1935)). The court must "balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket." *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 375 (4th Cir. 2013) (quoting *United States v. Ga. Pac. Corp.,* 562 F.2d 294, 296 (4th Cir. 1977)).

In considering a discretionary motion to stay, courts generally consider three factors: (1) "the impact on the orderly course of justice, sometimes referred to as judicial economy, measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected from a stay," (2) "the hardship to the moving party if the case is not stayed," and (3) "the potential damage or prejudice to the non-moving party if a stay is granted." *Int'l Refugee Assistance Project v. Trump*, 323 F. Supp. 3d 726, 731 (D. Md. 2018) (citing cases). Defendants, as movants, bear the burden of showing of the necessity of a stay here, *see id.*, and they must show same "by clear and convincing circumstances outweighing potential harm to the party against whom it is operative," *see Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983).

---

until after resolution of the MDL Motion. Motions to lift stay are pending in the Colorado and New Jersey actions. As of this writing, no stay motions are filed in the North Carolina or Minnesota actions.

The court finds that judicial economy and the hardship on Defendants both weigh in favor of a stay. Where Defendants have sought to transfer and consolidate the cases under 8 U.S.C. § 1407, "[i]n the absence of a stay, the parties will likely engage in duplicative discovery and litigation, and judicial resources will be wasted." *Prepared Food Photos, Inc. v. N & K Foods, Inc.*, No. CV JKB-22-3372, 2023 WL 2652270, at *1 (D. Md. Mar. 27, 2023). *See also Maryland v. 3M Co.*, No. CV RDB-23-1836, 2026 WL 1084894, at *3 (D. Md. Apr. 22, 2026) ("[A] stay pending the JPML's transfer decision is an efficient use of judicial resources . . . .") (quoting *Yearwood v. Johnson & Johnson, Inc.*, Civ. No. RDB-12-1374, 2012 WL 2520865, at *4 (D. Md. June 27, 2012)). Similarly, Defendants face hardship where they "will be forced to duplicate [their] litigation efforts and perhaps face inconsistent decisions in the different courts." *3M Co.*, 2026 WL 1084894, at *4 (quoting *Davis v. Biomet Orthopedics, LLC*, No. CIV. 12-3738-JKB, 2013 WL 682906, at *2 (D. Md. Feb. 22, 2013)). Further, "in the event consolidation of all cases for pre-trial litigation is ordered, there is consistent treatment of the numerous lawsuits and [] judicial resources are not wasted."[3] *Prepared Food Photos*, 2023 WL 2652270, at *1 (quoting *Namovicz v. Cooper Tire & Rubber Co.*, 225 F. Supp. 2d 582, 585 (D. Md. 2001)).

These factors thus weigh in favor of a stay of this action.[4]

---

[3] The court observes Plaintiffs' reliance on *Gibbs v. Plain Green, LLC*, 331 F. Supp. 3d 518 (E.D. Va. 2018), and *Sehler v. Prospect Mortg., LLC*, No. 1:13CV473 JCC/TRJ, 2013 WL 5184216 (E.D. Va. Sept. 16, 2013), but the court ultimately finds them unpersuasive here. *Gibbs* concerned consolidation of only three cases (thus with a low attending risk of "needless duplication of work and waste of judicial resources"), and motions were fully briefed or "substantially briefed." *Gibbs*, 331 F. Supp. 3d at 526. Neither circumstance is present here. Similarly, the *Sehler* court acknowledged that the interests of judicial economy may generally be served by a stay, but that was not persuasive there where the parties were at the conclusion of discovery, with a scheduled pretrial conference. 2013 WL 5184216, at *2. Again, neither circumstance is present here.

[4] To be clear, the court's opinion does not consider the merits of Defendants' MDL Motion and, indeed, as Plaintiffs' note, the JPML's own rules permit this action continuing. The court's determination instead turns on the relevant factors and this court's exercise of discretion upon consideration of same.

***1. Potential Prejudice to Plaintiffs***

While the court appreciates that Plaintiffs allege ongoing harm caused by Defendants' actions, this action is in its early stages and, even absent a stay, Plaintiffs are many months away from any potential award of relief. In essence, then, the prejudice to them is delay, the impact of which can be mitigated. A hearing on Defendants' MDL Motion is scheduled for December 3, 2026, with a prompt decision likely to follow. *See Radiology Assocs. of Roanoke, P.C. v. Optum, Inc.*, No. 7:26-CV-00527, 2026 WL 2667460, at *2 (W.D. Va. Sept. 10, 2026) (noting that "the JPML typically issues its decisions promptly," though "decisions are sometimes delayed a few days"). The court may (and ultimately does, as addressed below) limit the stay to mitigate prejudice.

As Judge Bredar of this court explained:

> [A]lthough there may be some prejudice to Plaintiff, "the possibility of a slight delay for the Plaintiff[ ] is far outweighed by the possible prejudice faced by the Defendants if this case is not stayed pending transfer" to the Judicial Panel on Multidistrict Litigation. *Yearwood v. Johnson & Johnson, Inc.*, Civ. No. RDB-12-1374, 2012 WL 2520865, at *4 (D. Md. June 27, 2012). Moreover, any prejudice to Plaintiff is tempered by the fact that the Court will not grant an indefinite stay. Rather, the Court will stay this matter through June 7, 2023, and will reconsider the stay at that time.

*Prepared Food Photos*, No. CV JKB-22-3372, 2023 WL 2652270, at *1. *See Maryland v. 3M Co.*, No. CV RDB-23-1836, 2026 WL 1084894, at *4 (D. Md. Apr. 22, 2026) (finding no significant prejudice and noting "[t]here is no evidence that the JPML is delaying resolution of whether this case should be transferred to the MDL court, nor is there any evidence that the pending MDL . . . is proceeding slowly") (quoting *Davis*, 2013 WL 682906, at *2). This same reasoning is applicable and persuasive here.

Although the court is sympathetic to the harm Plaintiffs allege, this factor similarly weighs in favor of a limited stay.

**III. Conclusion and Order**

In view of the foregoing, when considering judicial economy, Defendants' hardship, and prejudice to Plaintiffs, the court is persuaded that a limited stay is warranted. Cognizant of Plaintiffs' allegations of ongoing harm, the court will limit the stay as set forth below.[5]

It is therefore this 15th day of October 2026:

**ORDERED** that the Motion (ECF No. 12) shall be, and is hereby, **GRANTED** as follows and is otherwise **DENIED**: this action is **STAYED** until the earlier of December 16, 2026, or, in the event the MDL Motion is denied, within seven (7) days of entry of an order of the JPML denying the MDL Motion; and further it is

**ORDERED** that, if the MDL Motion has not been adjudicated by December 16, 2026, the parties shall file a joint status report on December 16, 2026.

In the event no decision has been made on the MDL Motion by December 16, 2026, Defendants should be prepared for the court to order their response to Plaintiffs' Complaint within seven (7) days thereafter.

/S/

Julie R. Rubin
United States District Judge

[5] This amounts to just under a three-month delay in this case based on Defendants' response deadline of September 18, 2026. (ECF No. 6.)